Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California  90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Jimmy Hanaie, Esq., SBN 293625
legal@legalclear.com
**LEGALCLEAR**
8306 Wilshire Blvd., #5007
Beverly Hills, California  90211
Tel.:  (800) 444-6962

Attorneys for Plaintiff  ROMEO PALMA
and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO PALMA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE FC, LLC dba AMAZON.COM; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.  1:18-cv-00121-DAD-MJS**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>(1) **FAILURE TO PROVIDE REST BREAKS;**<br>(2) **FAILURE TO PAY OVERTIME WAGES;**<br>(3) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>(4) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"),** *BUS. & PROF. CODE* **§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Romeo Palma ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a California state-wide class action for wage and labor violations arising out of, among other things, Defendant Golden State FC, LLC dba Amazon.com's ("Defendant" or "Amazon") failure to provide its non-exempt employees with a third rest break or pay overtime when they work over 10 hours at its fulfillment center warehouses.

2. As more fully set forth herein, Plaintiff Romeo Palma ("Plaintiff") works in Defendant's fulfillment center in Patterson, California, assisting with packaging and fulfillment of internet merchandise orders for shipment. Defendant regularly has Plaintiff and class members works over 10 hours, without providing or compensating for a third rest break at the overtime rate, as required by California law.

3. Plaintiff seeks among other things, all wages, restitutionary, disgorgement, and statutory penalties. Plaintiff seeks to represent the following Class:

> All current or former California residents who worked for Defendant as non-exempt employees at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

## PARTIES

4. Plaintiff Romeo Palma ("Plaintiff") was, at all relevant times, a resident and citizen of the State of California. Plaintiff Palma is employed by Defendant in its Patterson, California fulfillment center as a non-exempt employee.

5. Defendant Golden State FC, LLC, who Plaintiff is informed and believes is doing business as Amazon.com ("Amazon"), is a business entity licensed to do, and is doing, business in the State of California. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates fulfillment centers for Amazon.com in Patterson, California and San Bernardino, California.

6. Plaintiff is currently ignorant of the true names and capacities, whether individual,

corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTUAL ALLEGATIONS

8. Plaintiff and the Class work as non-exempt employees at Defendant's fulfillment centers in California, in capacities such as packaging, loading, unloading, and various other tasks.

9. Defendant's facilities are very large.  The location to clock in and out for work is often a significant distance from the location where Class members begin their shift.

10. Defendant regularly scheduled Plaintiff and class members for, among other, things, 10-hour shifts or longer.  Defendant requires Class members to report for duty at a certain time for the beginning of their shift.  However, Plaintiff and Class members have to clock in before that, and then get to the location to report for the beginning of their shift, which can take several minutes.  Similarly when a shift ends, Plaintiff and class members have to travel to the location at Defendant's facility to clock out, which takes several minutes.  Defendant does not provide Plaintiff and class members with time to clock-in and clock-out, and travel to the

location to report for work, in scheduling Plaintiff and Class members shifts.

11. For these and other reasons, when Plaintiff and class members are scheduled for 10 hour shifts, they actually work on the clock for longer than 10 hours, often by 5-15 minutes more. What Defendant refers to as a 10 hour shift actually spans 10 1/2 hours, as it includes a 30 minute off duty lunch.

12. Defendant regularly requires class members to work shifts exceeding 10 hours, when scheduled for a 10 hour shift. but fails to provide them with a third rest break.

13. Plaintiff was scheduled to work a 10-hour shift on November 18-19, 2017. Plaintiff's shift was scheduled to start 6:30 p.m. on November 18, 2017, and continue until 5:00 a.m. on November 19, 2017, with a half hour lunch at 11:00 p.m., and 2 scheduled rest breaks. Plaintiff actually worked a shift starting at 6:25 p.m. on November 18, 2017, when he clocked in, and ending at 5:02 a.m. on November 19, 2017, when Plaintiff clocked out, with a 30-minute off-the-clock lunch from 11:02 p.m. – 11:32 p.m., for a total on-the-clock work time for that shift of 10 hours and 7 minutes. This was because of, among other reasons, Defendant's policy of not scheduling enough time for Plaintiff and class members to clock in and arrive at the location to report for their shift, or clock out after their shift. Although Plaintiff worked on the clock for over 10 hours during that November 18-19, 2017 shift, Plaintiff did not receive a third rest break.

14. Defendant failed to provide Plaintiff and Class members a third rest break when they worked over 10 hours of on-the-clock time, and were scheduled for a 10 hour shift (or 10 1/2 hour shift including meal break time).

15. Defendant failed to compensate Plaintiff and class members for a third rest break when they worked shifts exceeding 10 hours, and were not scheduled for and did not receive a third rest break, as alleged herein. The compensation for the third rest break, because it is for shifts exceeding 10 hours, must be at the overtime rate of one and a half time Plaintiff and class members' regular rate of compensation. Defendant's failure to compensate Plaintiff and class members for third rest breaks, as alleged herein, violated California's overtime law.

16. Defendants have a general practice of requiring its non-exempt employees to clock-in at a specific location at their large fulfillment center, and then travel or walk to the

4
**FIRST AMENDED CLASS ACTION COMPLAINT**

location to report for their work shift. This results in Class members' working on-the-clock more than 10 hours, when scheduled for a 10-hour shift, without receiving or being compensated for a third rest break, in violation of California law.

17. Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the Class for failing to pay overtime wages, failing to premium wages for missed rest breaks, failing to pay overtime, failing to pay all wages owed on each pay period, failure to provide timely and accurate wage statements, and unfair competition.

18. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former California residents who worked for Defendant as non-exempt employees at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

20. Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

21. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

22. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal

and factual questions include:

    a. Whether Defendant violated IWC Wage Orders and Labor Code § 226.7 by failing to provide a third ten (10) minute, uninterrupted rest period as contemplated by California law, when Plaintiff and class members worked shifts exceeding 10 hours.

    b. Whether Defendant violated IWC Wage Orders and Labor Code § 226.7 by engaging in a pattern or practice of failing to properly compensate Plaintiffs and the members of the Class for missing their third rest breaks in work shifts exceeding 10 hours, as alleged herein.

    c. Whether Defendant engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class overtime wage for ten minutes of uncompensated rest break time when they worked over 10-hours on-the-clock.

    d. Whether Defendant engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Plaintiff and the members of the Class who for third rest breaks and overtime, as alleged herein.

    e. Whether Defendant violated Labor Code § 226 by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class that failed to include payments for missed rest periods and overtime, among wages earned throughout the Class period.

    f. Whether Defendant violated Labor Code §§ 218.5, 204, 1197, and 1198 due to failure to compensate Plaintiffs and the Class for those acts Defendants required Plaintiffs and members of the Class to perform for the benefit of Defendants.

    g. The nature and extent of class-wide injury and the measure of damages for the injury.

23. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a non-exempt fulfillment center employee for Defendant, was exposed and subjected to the same unlawful business practices as other Class members employed by Defendants during the liability period. Plaintiff and the members of the class he represents sustained the same types of damages and losses.

24. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to

represent because her interests do not conflict with the interests of the members of the subclasses Plaintiffs seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and her counsel.

25. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

26. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)**
**(Against All Defendants)**

27. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

28. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

29. IWC Order No. 4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

30. IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

31. As alleged herein, Defendant failed to provide, authorize, and/or pay Plaintiff and class members for a third rest break when they worked shifts exceeding 10 hours.

32. By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

33. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

34. As a direct and proximate result of Defendant's unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods during the

Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

## SECOND CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY ALL OVERTIME WAGES
**(Violation of *Labor Code*§§ 510 and 1194; Wage Order No. 4-2001, § 3 )**
**(Against All Defendants)**

35. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

36. California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee…."

37. Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

38. At all times relevant hereto, Plaintiff and members of the Class were non-exempt employees for purposes of the overtime requirements set forth in the Labor Code and Wage Order No. 4-2001.

39. During the class period, Plaintiff and class members were scheduled for shifts exceeding ten hours, but were not compensated for their third rest break, as alleged herein. The compensation for the third rest break, because the shifts exceed 10 hours, must be at the overtime rate of one and a half times Class members' regular rate of compensation. Defendant's failed to compensate Plaintiff and class members for 10 minutes at their overtime rate by failing to pay for a third rest break on a class wide basis, as alleged herein.

40. Plaintiffs and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
**(Violation of Labor Code §§ 226 and 226.3)**
**(Against All Defendants)**

41. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

42. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

43. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

44. Plaintiff is informed, believes and thereon alleges that at all times relevant Defendant knowingly and intentionally failed to furnish and continues to knowingly and

intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226(a), in that the payments owed to Plaintiff and the members of the Class for missed rest periods and overtime were not included in gross wages earned by Plaintiff and the Class.

45. Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and overtime.

46. As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiffs and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against All Defendants)**

47. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

48. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

49. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

50. Defendants' unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class members' compensation, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the Class members' wages or compensation due.

51. Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

52. Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For one hour of wages due to Plaintiff and each Class member for each missed and/or uncompensated rest period;

C. For all unpaid overtime wages and liquidated damages due to Plaintiff and each Class member on their overtime wage claim;

D. For all statutory penalties including, but not limited to, under Labor Code §226(e);

E. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

F. For restitutionary disgorgement pursuant to the UCL;

G. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.;*

H. Prejudgment interest at the maximum legal rate;

I. Reasonable attorneys' fees;

J. Accounting of Defendants' records for the liability period;

K. General, special and consequential damages, to the extent allowed by law;

L. Costs of suit; and

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

M. Such other relief as the Court may deem just and proper.

DATED: February 6, 2018 **HAFFNER LAW PC**

By: /s/Joshua H. Haffner
Joshua H. Haffner
Graham G. Lambert
*Attorneys for Plaintiffs and others*
*Similarly situated*

**FIRST AMENDED CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED:  February 6, 2018              **HAFFNER LAW PC**

                                  By:      /s/Joshua H. Haffner
                                            Joshua H. Haffner
                                            Graham G. Lambert
                                            *Attorneys for Plaintiffs and others*
                                            *Similarly situated*

**FIRST AMENDED CLASS ACTION COMPLAINT**